UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

ANDRES HERNANDEZ,        )
                                 )
        Petitioner,         )     Civil Action No. 5: 09-03-KSF
                                 )
vs.                        )
                               )
STEPHEN DEWALT,         )     **MEMORANDUM OPINION**
                               )          **AND ORDER**
        Respondent.     )

***** ***** *****

Andres Hernandez ("Hernandez"), an inmate incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the $5 filing fee. [R. 4]

This matter is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).  As Hernandez is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## I.   Factual Background

On April 9, 2007, Hernandez executed a plea agreement under which he agreed to plead guilty to one count of using telephone communications to facilitate the commission of a drug-trafficking offense in violation of 21 U.S.C. § 843(b).  On July 27, 2007, Hernandez was sentenced to a 48-month term of incarceration to be followed by a 1-year term of supervised release.  *United States v. Hernandez*, 07-CR-6045, Western District of New York [R. 16, 24 therein]

In his petition, Hernandez asserts that during his incarceration he has completed the 500-hour Residential Drug Abuse Program ("RDAP") offered by the Bureau of Prisons ("BOP"), but that the BOP has refused to reduce his sentence as permitted by 18 U.S.C. § 3621(e)(2)(B) based upon incorrect information in his Presentence Report ("PSR").  In support of his claim, Hernandez includes only one document, a November 26, 2008 e-mail from United States Probation Officer Kerry Chartier of the Western District of New York to Michael Swanagin of the BOP.  In it, Chartier indicates that upon investigation with state and federal authorities in Puerto Rico, he had determined that Hernandez's prior convictions in Puerto Rico were for "Aggravated Aggression" rather than for "Aggravated Assault."  Based upon this information, Hernandez asserts that his prior conviction for Aggravated Aggression is a "nonviolent offense" which may qualify for the sentence reduction.  Hernandez implies that the BOP, while now aware of accurate information regarding his criminal history, nonetheless refuses to consider him for sentence

2

reduction under the RDAP. Hernandez indicates that he has not attempted to resolve the issue by filing a grievance with the BOP, but asserts that he should be excused from doing so because he is less than one year from his full release date, and hence should have already been released from custody pursuant to the RDAP if the BOP were to award him the full year of eligibility under Section 3621(e)(2)(B).

## II.   DISCUSSION

Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the BOP. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (E.D.Ky. 2004); *Wesley v. Lamanna*, 2001 WL 1450759 (6th Cir. 2001). In his petition, Hernandez acknowledges that he has made no effort to initiate, let alone complete, the process of exhausting his administrative remedies by filing an inmate grievance with the BOP.

However, the judicially-crafted exhaustion requirement applicable to habeas petitions asserted under Section 2241 is subject to certain equitable exceptions. Hernandez argues that he should be excused from the exhaustion requirement under the "futility" exception because he could, theoretically, already have been released from BOP custody if granted a full one-year reduction in his sentence under Section 3621.

The "futility" exception upon which Hernandez relies may apply in certain, narrowly-defined, circumstances, *Colton*, 299 F.Supp.2d at 689-90. Specifically, exhaustion may be waived as futile where there has been "a prior indication from

3

the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Id.*, *citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C.Cir.1987).

The circumstances of this case plainly do not warrant the application of the futility exception here.  First, the actions of the BOP in this case do not suggest an inflexible agency with "a strong position on the issue ... unwilling[] to reconsider" its position on the matter.  Apparently at Hernandez's request, the BOP and probation officers in New York contacted federal officials as well as a private attorney in Puerto Rico and determined that his prior offenses were not as originally reflected in the record.  This information is suggestive of the willingness of the BOP and probation officers to investigate the nature of his claims.  Because Hernandez has filed no other documents into the record, it is unclear what actions the BOP has taken with respect to his desire for early release, or either the factual or legal basis for doing so, whether it be other convictions, the length of his incarceration or insufficient availability of spaces within Residential Re-Entry Centers ("RRCs").

This case underscores the importance one of the core values that the exhaustion requirement is designed to serve: ensuring that the Court has an adequate record before it to review the agency action in question.  *Woodford v. Ngo*, 126 S.Ct. 2378, 2384-86 (2006); *Fazzini v. Northeast Ohio. Corr. Center*, 473

4

F.3d 229, 232 (6th Cir. 2006). Without a full administrative record explaining the BOP's actions and the reasons therefor, the Court lacks an adequate evidentiary basis upon which to review the claims asserted in the petition.

Hernandez's second contention -- that exhaustion should be excused because he would have already have been released if granted a sentence reduction under Section 3621 -- is fanciful at best. Hernandez was sentenced to a four-year prison term in mid-2007, although it appears he was in pre-trial custody for an extended period. Nonetheless, it is highly speculative whether the BOP would award a full one-year reduction in sentence to a prisoner sentenced to a four-year term of incarceration. While a more modest reduction in sentence is plausible, Hernandez could readily complete the grievance process sufficiently in advance of any accelerated release date, thus obtaining the full benefit of such a reduction in sentence well before his currently-projected release date on January 14, 2010. This is particularly so in light of the availability of a mechanism within the BOP's inmate grievance process which permits inmates to request expedited review of grievances where circumstances require it. 28 C.F.R. § 542.18.

Finally, the Court notes that Hernandez has apparently taken no steps to at least initiate the grievance process in the month and a half following his receipt of Probation Officer Kerry Chartier's November 26, 2008 e-mail regarding his prior convictions. Had he done so, in light of the response times required by BOP regulations, his grievance would at least be before the Mid-Atlantic Regional Office

for review at this juncture.  The Court will not apply the futility exception in the absence of any evidence that Hernandez has failed to undertake even *de minimus* good faith efforts to comply with the exhaustion requirement by diligently pursuing an inmate grievance with respect to his claim.

### III.   CONCLUSION

Accordingly, it is **ORDERED** that:

1.   Hernandez's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2.   The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 16th day of January, 2009.



**Signed By:**

***Karl S. Forester***   K S F

**United States Senior Judge**